IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2017 Session

## IN RE LYRIC A.

**Appeal from the Chancery Court for Warren County**
**No. 555-A     Larry B. Stanley, Jr., Chancellor**

_____

### No. M2015-02468-COA-R3-PT

_____

This appeal arises from the termination of Mother's parental rights with respect to her minor child. Father and Grandmother jointly filed a "Petition for Termination and Adoption" to terminate Mother's parental rights and to allow Grandmother to adopt the child without terminating Father's parental rights. The trial court granted the petition and Mother appeals. We have determined that petitioners do not have standing to petition the court to terminate Mother's parental rights in order to allow Grandmother to adopt the child without terminating Father's parental rights. Therefore, we reverse and remand with instructions to dismiss the petition for lack of standing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Daniel Barnes, Sparta, Tennessee, for the appellant, Jamie A.[1]

Mary Little Pirtle, McMinnville, Tennessee, for the appellees, Patricia A. and Stanley A.

### OPINION

Stanley A. ("Father") and Jamie A. ("Mother") divorced in 2009. Lyric A., who is still a minor, is their child. The final divorce decree incorporated a permanent parenting plan which designated Father as the primary residential parent and granted Mother 110 days of visitation per year with alternating holidays. Mother frequently used drugs and was arrested and incarcerated on several occasions. A majority of the time, Lyric lived with Father and Father's mother, Patricia A. ("Grandmother").

---

[1] This court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

On March 23, 2015, Father and Grandmother jointly filed a "Petition for Termination and Adoption," alleging that Mother had willfully failed to visit and willfully failed to support Lyric for more than four consecutive months prior to the filing of the petition. They asked the court to terminate Mother's parental rights on abandonment grounds, pursuant to Tenn. Code Ann. § 36-1-102(1)(A)(i), and to allow Grandmother to adopt Lyric without terminating Father's parental rights.

The trial court held a hearing on November 23, 2015. In a written order entered on November 25, 2015, the trial court terminated Mother's parental rights. Mother appealed. Upon review of the record in the first appeal we found deficiencies with the judgment appealed from and remanded the case with instructions for the trial court to make more detailed findings of fact and conclusions of law and to enter judgment accordingly.

Upon remand, the trial court entered a revised judgment in which it stated its specific findings of fact and conclusions of law and held that the petitioners proved by clear and convincing evidence that Mother had abandoned the child by willfully failing to visit and by willfully failing to financially support the child and that termination of her rights was in the child's best interest. Based on these findings and conclusions, the trial court terminated Mother's parental rights and granted Grandmother's petition to adopt the child without terminating Father's parental rights. This appeal followed.

**ANALYSIS**

On appeal, Mother asked us to consider (1) whether the trial court properly determined that grounds existed for the termination of Mother's parental rights, and (2) whether the trial court properly determined that termination of Mother's parental rights was in Lyric's best interest. However, we have determined that the dispositive issue is whether Father and Grandmother have standing to maintain this petition.

The parties did not raise the issue of standing in the trial court and, generally, we will not address issues not raised in the trial court. *See Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991). Nevertheless, because standing "is a component of subject matter jurisdiction," Tenn. R. App. P. 13(b) requires us to consider it even if the trial court did not have the opportunity. *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004). Therefore, we afforded the parties the opportunity to submit supplemental briefs to address the issue and both parties timely filed supplemental briefs.

Standing asks whether a party is properly situated to advance a cause of action. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). In the case of parental termination, standing is conferred by Tenn. Code Ann. § 36-1-113, which is part of Tennessee's adoption statutes found at Tenn. Code Ann. § 36-1-101 to -305. When construing a statute, our primary task is to ascertain and carry out the General Assembly's intent. *Osborn*, 127 S.W.3d at 740. If the statutory language is clear and

unambiguous, we consider "the natural and ordinary meaning of the statutory language," and in doing so, we try to avoid a forced interpretation that would broaden or restrict the statute's meaning. *Id.* (quoting *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)). When the statute at issue exists within a comprehensive legislative scheme, as is the case here, we must construe the statute so that it is consistent with the entire scheme. *In re Shelby L.*, No. M2010-00879-COA-R9-PT, 2011 WL 1225567, at * 5 (Tenn. Ct. App. March 31, 2011).

Tenn. Code Ann. § 36-1-113(b)(1) lists the individuals and entities that have standing to file a petition to terminate parental rights:

> The prospective adoptive parent or parents, including extended family members caring for a related child, any licensed child-placing agency having custody of the child, the child's guardian ad litem, or the department [of children's services] shall have standing to file a petition pursuant to this part of title 37 to terminate parental or guardianship rights of a person alleged to be a parent or guardian of the child. The child's parent, pursuant to subdivision (g)(11), shall also have standing to file a petition pursuant to this part or title 37 to terminate parental or guardianship rights of a person alleged to be a parent or guardian of the child.

This statute is clear and unambiguous. *Osborn*, 127 S.W.3d at 740. It does not permit one parent to petition for the termination of the other parent's rights, except in one specific circumstance found in Tenn. Code Ann. § 36-1-113(g)(11), which confers standing on one parent if the other parent has been found guilty of "severe child sexual abuse under any prior order of a criminal court."

Furthermore, but for one exception, the statutory scheme unambiguously states that the rights of both parents must be terminated before a third party becomes eligible to adopt the child. Specifically, Tenn. Code Ann. § 36-1-117(a) states in pertinent part:

> **[T]he legal parents**, guardian of the person of the child or of an adult, the biological mother, and the established father or putative father of the child must be made parties to the adoption proceeding or to a separate proceeding seeking the termination of those rights, and their **rights to the child must be terminated by a court to authorize the court to order the adoption of the child or adult by other persons**.

(emphasis added).

The only exception to the foregoing is the "stepparent exception," which states in pertinent part:

[W]here the stepparent of a stepchild seeks to adopt a stepchild, the co-signing of the petition by the child's parent who is the spouse of the petitioner shall not affect the existing parent/child legal relationship between that parent and the parent's child who is the subject of the adoption petition by the stepparent of the child.

Tenn. Code Ann. § 36-1-117(f). Grandmother is not a stepparent; thus, this exception is also not applicable.

Father and Grandmother concede that Father would not have standing if he, alone, filed the petition. However, they argue that as co-petitioners, they have standing because Grandmother is an extended family member "caring for a related child." Tenn. Code Ann. § 36-1-113(b)(1). They contend that the adoption statutes do not "provide, infer, or state," as a general rule, that a third party with standing cannot adopt a child "with the consent of a biological parent who remains a parent to the child." We respectfully disagree.

It is a well-established rule of statutory construction that "the expression of one thing is the exclusion of another (of the same kind)"—*expressio unius est exclusio alterius*. *Landis v. Landis*, No. M2015-02520-COA-R3-CV, 2016 WL 6311800, at \*4 (October 27, 2016); *Rich v. Tennessee Bd. of Medical Examiners*, 350 S.W.3d 919, 927 (Tenn. 2011). Applying *expressio unius est exclusio alterius*, we can infer that the General Assembly contemplated other circumstances where a third party could adopt a child without terminating the rights of both parents, and having considered other similar circumstances, the General Assembly chose to omit them.

Not only is our interpretation of Tenn. Code Ann. § 36-1-113(b)(1) consistent with the statutory scheme, it is also consistent with prior case law. In *Shelby L.*, 2011 WL 1225567, at \* 1, a child's mother and an unrelated man filed a petition for adoption and termination of the parental rights of the child's father. Interpreting the adoption statutes in a substantially similar manner, we held that aside from the stepparent exception, our adoption statutes required that the rights of both parents be terminated before a third party could adopt a child. *Id.* at \*7 and \*9.

Likewise, in a case factually similar to this one, *In re Ava B.*, No. M2014-02408-COA-R10-PT, 2016 WL 1730661, at \* 4 (Tenn. Ct. App. April 27, 2016) we held that a father and a grandmother did not have standing under the adoption statutes to file a petition to terminate a mother's parental rights without also terminating the father's parental rights. At oral argument, counsel for Father and Grandmother argued that *Ava B.* could be distinguished from the case at bar because, here, Grandmother is "caring for a related child," whereas in *Ava B.*, she was not. *See* Tenn. Code Ann. § 36-1-113(b)(1); *see also Ava B.*, 2016 WL 1730661, at \*3. However, in *Ava B.* we held that even if the grandmother were caring for the child, she would still lack standing under the adoption

statutes to file an adoption petition without first terminating the rights of both parents. *Ava B.*, 2016 WL 1730661, at *3.

Accordingly, we reverse the decision of the trial court to terminate Mother's parental rights.

### IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded with instructions to dismiss the petition for lack of standing. Costs of appeal are assessed against Patricia A. and Stanley A.

_____
FRANK G. CLEMENT JR., P.J., M.S.